## Lotz v. The Baltimore and Ohio Railroad Company, Appellant.

*Negligence—Railroads—Grade crossings—Death—Contributory negligence—Presumption of due care.*

In an action to recover damages for the death of plaintiff's husband who was killed by defendant's train at a grade crossing in a borough, where there was evidence that a box car on a siding obscured the deceased's view of the train, the speed of which was from 35 to 40 miles an hour, and that no warning of its approach was given, and where there was no direct evidence as to how the accident occurred, the presumption was that deceased had observed the precautions required by law of one about to cross railroad tracks, and the case was properly submitted to the jury.

Argued Oct. 7, 1914. Appeal, No. 1, Oct. T., 1915, by defendant, from judgment of C. P. Butler Co., Sept. T., 1914, No. 141, from A. D. No. 10, March T., 1914, on verdict for plaintiff in case of Anna Lotz v. The Balti-

more and Ohio Railroad Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before TELFORD, P. J., specially presiding.

There was evidence that a box car on a siding and flush with the street on which deceased was walking, obscured deceased's view to the west, from which direction the train which killed deceased was moving at a speed of from 35 to 40 miles an hour, and that no warning of its approach was given. Other facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*R. P. Scott,* for appellant.

*John H. Wilson,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:

The action was for the recovery of damages by a wife for the death of her husband who was killed under the following circumstances:

The defendant company maintains and operates two main tracks through the Borough of Evansburg, one to accommodate its east bound, the other its west bound traffic. These tracks cross Harmony street, and at this point the company maintains a third track used as a siding. Approaching this crossing from the north one encounters first, the siding, next, the track used for east bound trains, and then the track used for west bound trains. The plaintiff's husband in attempting this crossing on the morning of 25th July, 1913, was struck and killed by an engine on the east bound track. Just before he approached the crossing, and when within about ninety feet, he had stopped for a moment to speak with

an acquaintance. This was the last seen of him alive. In a very short time thereafter his dead body was seen to fall from the pilot of an engine coming from the west, that had passed the crossing about a distance of two hundred feet. When he first approached the crossing a freight train was moving west on the farthest track. The evidence shows that several freight cars stood upon the siding, the first one almost flush with the street, obstructing his view to the west. Evidently with the passing freight in view he crossed over the siding. This train was just clearing the crossing as the train from the west which struck the plaintiff's husband approached. The evidence offers no other explanation of the occurrence than that, supposing the passing of the freight train to be the only obstacle to his crossing, when that had been removed, he attempted to cross and was instantly struck by the train from the west. The negligence charged was, (1) placing and permitting a box car to stand upon the siding, thereby shutting off view of the approaching train; (2) running the trains past the crossing at an undue rate of speed; and (3) failure to give signal by bell or whistle of the approach of the train that struck the deceased. The case was submitted to the jury and resulted in a verdict for the plaintiff; a motion for a new trial and judgment non obstante was refused, and judgment was entered on the verdict. The refusal of defendant's second point is first assigned as error. The instruction asked for by this point was, that the burden was on the plaintiff to satisfy the jury that decedent was entirely free from negligence on his part. We need not delay to justify the court's refusal of the point. No such burden rests on a plaintiff in a case of this character. The second assignment complains of the refusal of the defendant's fourth point which was, that if the jury believed from the evidence that warning of the approach of the train had been given by whistle or bell, the defendant had performed its duty, and there could be no recovery. The point was very

properly declined because failure to give warning of the approach of the train was only one of several acts of negligence charged. The third assignment complains of the refusal of defendant's fifth point. What made affirmation of this point impossible was the absence of any evidence from which the jury could find the fact which the point assumed, namely, that the plaintiff's husband had stood upon the east bound track, where he was struck, watching the freight train as it passed. He must have been either upon or very close to the east bound track when he was struck, but under what circumstances he reached that point no living being knows. The purpose of the point was to charge contributory negligence, and here we have presented the contention that is most seriously urged. The plaintiff rested her case on the common law presumption that her husband had observed the precautions which the law requires of one attempting to cross the tracks of a railroad. She could do no more since no one saw the tragedy. For the same reason the defendant was unable to show by direct or positive evidence that he had omitted any plain or positive duty. This being the situation the question presented on the trial was—there being no direct evidence as to how the accident occurred—what was the fair and reasonable inference to be drawn from all the circumstances of the case. This was exclusively for the jury's determination. The burden was on defendant to overcome by direct or positive evidence the presumption that the decedent had done all that the law required of him. The case falls directly within the ruling in Penna. R. R. Co. v. Weber, 76 Pa. 157.

The assignments of error are overruled and the judgment is affirmed.